# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

SEAN EDWARD KRIER,

    Plaintiff,

vs.

IOWA DEPARTMENT OF CORRECTIONS, JOHN BALDWIN, JOHN FAYRAM, JERRY CONNELLY, DR. DEOL, DR. RICHTER,

    Defendants.

No. C13-0013-LRR

**ORDER**

---

The matter before the court is an order dated April 24, 2013. Pursuant to such order, the court directed the plaintiff to submit an initial partial payment of $9.81. The plaintiff complied with the court's directive. Because his compliance with the court's directive evidences a desire to pursue this civil rights action, the court now turns to its initial review of the plaintiff's complaint.

## I. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to

state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## II. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510

U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

The plaintiff is unable to proceed any further against the Iowa Department of Corrections, John Baldwin, John Fayram and Dr. Deol. As to the Iowa Department of Corrections, a "person" who is subject to suit under 42 U.S.C. § 1983 does not include States or their political subdivisions, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-71 (1989) (holding that a State and its agencies are not "persons" within the meaning of 42 U.S.C. § 1983); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (making clear that a claim for damages under 42 U.S.C. § 1983 may not be asserted against a State or an arm of the State), and sovereign immunity under the Eleventh Amendment bars a suit brought solely against the State or an agency of the State, *see Brown v. Dep't of Human Servs.*, 451 F. App'x 690, 691 (8th Cir. 2011) (applying Eleventh Amendment), *Morstad v. Department of Corrections and Rehabilitation*, 147 F.3d 741, 743-44 (8th Cir. 1998) (same); *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (per curiam) (same). Regarding John Baldwin, who is the Director of the Iowa Department of Corrections, John Fayram, who is the Warden of the Anamosa State Penitentiary, and Dr. Deol, who is the Medical Director of the Iowa Department of Corrections, the plaintiff fails to state a claim against them for several reasons. First, respondeat superior is not a proper basis for liability under 42 U.S.C. § 1983. *See Canton v. Harris*, 489 U.S. 378, 385 (1989); *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010);

*Chambers v. St. Louis County*, 247 F. App'x 846, 848 (8th Cir. 2007); *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001). Second, a plaintiff must allege in his or her complaint that a defendant was personally involved with or had direct responsibility for the incident that injured him or her. *See Gully v. Maynard*, 218 F. App'x. 551, 552 (8th Cir. 2007) (citing *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)); *Stewart v. Baker*, 360 F. App'x 696, 697 (8th Cir. 2010) (citing *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999)). And, finally, any failure to respond to the plaintiff's grievances does not state a substantive constitutional claim. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (finding that the denial of grievances does not state a substantive constitutional claim); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (concluding that no constitutional violation occurred as a result of the failure to process a grievance). Accordingly, the Iowa Department of Corrections, John Baldwin, John Fayram and Dr. Deol shall be dismissed from this action.

As to the remaining defendants, the court is unable to determine as a matter of law whether the facts that are included in the plaintiff's complaint are frivolous or fail to state a claim upon which relief can be granted as set forth in 28 U.S.C. § 1915 or 28 U.S.C. § 1915A. Consequently, the court is of the opinion that the matter is best addressed after receipt of an answer and/or any dispositive motion deemed appropriate. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831, 104 L. Ed. 2d 338 (1989); *Money v. Moore*, 877 F.2d 9, 10 (8th Cir. 1989). The clerk's office shall serve the complaint on the remaining defendants and mail a copy of the complaint to the Iowa Attorney General without the prepayment of fees and costs. A copy of this order is to accompany the documents being served. The Iowa Attorney General shall notify the court immediately if he lacks the consent of the remaining defendants to appear generally on their behalf and submit to the jurisdiction of the court. The remaining defendants shall file an answer or other dispositive motion by no later than August 21, 2013.

**IT IS THEREFORE ORDERED**:

(1) The Iowa Department of Corrections, John Baldwin, John Fayram and Dr. Deol are dismissed from this action.

(2) The clerk's office is directed to serve the complaint on the remaining defendants and mail a copy of the complaint to the Iowa Attorney General without the prepayment of fees and costs. A copy of this order is to accompany the documents being served. The Iowa Attorney General is directed to notify the court immediately if he lacks the consent of the remaining defendants to appear generally on their behalf and submit to the jurisdiction of the court. The remaining defendants are directed to file an answer or other dispositive motion by no later than August 22, 2013.

**DATED** this 22nd day of July, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

# NOTICE OF LAWSUIT
## and REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| SEAN EDWARD KRIER, <br><br> Plaintiff, <br><br> vs. <br><br> IOWA DEPARTMENT OF CORRECTIONS, JOHN BALDWIN, JOHN FAYRAM, JERRY CONNELLY, DR. DEOL, DR. RICHTER, <br><br> Defendants. | No. C13-0013-LRR |

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

    Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date: __August 22, 2013__.

    I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this __July 22__, 2013.

                                                                                         *KJorgensen*  Deputy Clerk
                                                                     Signature (Clerk's Office Official)
                                                                           Northern District of Iowa

# ACKNOWLEDGMENT OF RECEIPT OF NOTICE OF LAWSUIT, and WAIVER OF SERVICE OF SUMMONS

(**Return **this** document within thirty days after   07/22/2013  , to the United States Clerk's Office in the envelope provided.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

SEAN EDWARD KRIER,

    Plaintiff,

vs.

IOWA DEPARTMENT OF CORRECTIONS, JOHN BALDWIN, JOHN FAYRAM, JERRY CONNELLY, DR. DEOL, DR. RICHTER,

    Defendants.

No. C13-0013-LRR

---

    I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

    I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after   07/22/2013  , (the date Notice, Waiver and corresponding documents were sent).

Date _____     Signature _____
                           Printed name _____
                           As _____ of _____
                                       (Title)              (Entity)

Date _____     Signature _____
                           Printed name _____
                           As _____ of _____
                                       (Title)              (Entity)

Date _____     Signature _____
                            Printed name _____
                            As _____ of _____
                                (Title)              (Entity)

Date _____     Signature _____
                            Printed name _____
                            As _____ of _____
                                (Title)              (Entity)

Date _____     Signature _____
                            Printed name _____
                            As _____ of _____
                                (Title)              (Entity)

Date _____     Signature _____
                            Printed name _____
                            As _____ of _____
                                (Title)              (Entity)

Date _____     Signature _____
                            Printed name _____
                            As _____ of _____
                                (Title)              (Entity)

Date _____     Signature _____
                            Printed name _____
                            As _____ of _____
                                (Title)              (Entity)

Date _____     Signature _____
                            Printed name _____
                            As _____ of _____
                                (Title)              (Entity)

Date _____     Signature _____
                            Printed name _____
                            As _____ of _____
                                (Title)              (Entity)

Date _____     Signature _____
                            Printed name _____
                            As _____ of _____
                                (Title)              (Entity)

**Address Form**

Case Number: C13-0013-LRR                Date: July 22, 2013

To:   Clerk of Court
RE:   Service on Named Defendants

      Below, please find the known (or likely) addresses for the following persons/entities who have been named as defendants to this action:

Defendant:   **All Defendants are located at the following facility:**

      **Anamosa State Penitentiary**
      **406 N. High Street**
      **Anamosa, Iowa 52205**